**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 21, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNIVERSITAS EDUCATION, LLC,

      Petitioner/Judgment Creditor -
Appellee,

v.

AVON CAPITAL, LLC,

      Respondent/Judgment Debtor,

ASSET SERVICING GROUP, LLC,

      Respondent/Garnishee,

and

SDM HOLDINGS, LLC,

      Respondent/Garnishee - Appellant.

------------------------------

AVON CAPITAL, LLC, a Wyoming
limited liability company,

      Intervenor.

No. 22-6038
(D.C. No. 5:14-FJ-00005-HE)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Purporting to act on behalf of SDM Holdings, LLC ("SDM"), attorney Jeffrey Sandberg appeals the district court's order requiring that he have SDM's permission to file motions and make court appearances in support. Attorney Sandberg contends that he has filed an interlocutory appeal of a district-court order imposing filing restrictions on SDM. But Attorney Sandberg assumes that he continues to represent SDM, despite the district court's having appointed SDM a receiver, which has led to SDM having a new manager.

Before accepting Attorney Sandberg's filings on SDM's behalf, the court reasonably required him to obtain authorization from the newly constituted SDM to continue to represent it in court. The district court permitted Attorney Sandberg to continue representing SDM if he obtained the new manager's permission. The court also allowed Attorney Sandberg to represent other interested parties if they appeared in the case. But Attorney Sandberg did not receive permission to continue his representation from SDM's new manager. We reject Attorney Sandberg's argument

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that he has presented a proper appeal under 28 U.S.C. § 1292(a). In fact, we lack appellate jurisdiction under either 28 U.S.C. §§ 1291 or 1292, so we dismiss the appeal.

## BACKGROUND

### I.    Preceding Legal Battles

This appeal challenges the district court's order disallowing Attorney Sandberg from contesting garnishment rulings in the Western District of Oklahoma until he assured the court that he received his purported client's permission to represent it. These garnishment rulings stem from a years-long, multi-jurisdictional legal battle.[1] Though unimportant to this appeal, the litigation history generally includes federal criminal convictions of Daniel Carpenter, who organized a scheme in which he defrauded millions of dollars of life-insurance proceeds from the named beneficiary, Universitas Education, LLC ("Universitas"). *Carpenter*, 190 F. Supp. 3d at 293–301. He routed these proceeds through various shell entities for his own benefit. *Id.* For a portion of the proceeds, about $6 million, Carpenter routed the money to one of his shell companies, Avon Capital, LLC ("Avon"). *Universitas Educ., LLC v. Nova Grp., Inc.* ("*Universitas I*"), No. 11CV1590-LTS-HBP, 2014 WL 3883371, at *3 (S.D.N.Y. Aug. 7, 2014).

---

[1] For a complete account of the associated litigation, see *United States v. Carpenter*, 190 F. Supp. 3d 260 (D. Conn. 2016), and *Universitas Education, LLC v. Avon Capital, LLC* ("*Universitas II*"), No. 14-FJ-05-HE, 2020 WL 8768520 (W.D. Okla. Oct. 20, 2020).

In 2009, using the misdirected life-insurance proceeds, Avon purchased SDM. *Universitas II*, 2020 WL 8768520, at *9. In a 2014 suit brought in the United States District Court for the Southern District of New York, the court ruled that Avon had received some of the life-insurance proceeds owed to Universitas through fraudulent conveyance. *Universitas I*, 2014 WL 3883371, at *11, *13. The court entered a nearly $6 million judgment for Universitas against Avon. *Id.* Through discovery in that case, Universitas learned that Avon owned SDM. Because SDM was organized and registered in Oklahoma, Universitas registered its judgment in the Western District of Oklahoma. *Universitas II*, 2020 WL 8768520, at *1. The present appeal challenges the district court's order disallowing Attorney Sandberg from contesting garnishment rulings against SDM without obtaining SDM's permission to represent it in court.

## II.    Garnishment Proceedings

Universitas sought to collect on the judgment against both Avon and SDM. *Universitas II*, 2020 WL 8768520, at *1–2. In response, Avon argued that it was not the judgment debtor identified in the Southern District of New York case. Avon sought a permanent injunction prohibiting Universitas from executing the judgment against Avon or SDM. *Universitas II*, 2020 WL 8768520, at *1. The Oklahoma federal district court denied this motion and entered an order piercing Avon's corporate veil. The court then enjoined Avon from transferring, concealing, or encumbering its interest in SDM.

The district court also appointed a receiver for Avon to prevent it from disposing of any other assets. Under his court-appointed authority, the receiver replaced the manager of SDM, which marked a split between the old SDM management (as we call it, "pre-receivership SDM"), represented by Attorney Sandberg, and the new SDM management ("post-receivership SDM").[2] Pre-receivership SDM (through Attorney Sandberg) and Avon (represented by different counsel) both appealed the district court's order piercing Avon's corporate veil and its order appointing a receiver. Those appeals were recently argued in this court and are currently pending. *Universitas Educ., LLC v. Avon Cap., LLC*, No. 21-6044 (10th Cir. argued Sept. 27, 2022); *Universitas Educ., LLC, v. Avon Cap., LLC*, No. 21-6049 (10th Cir. argued Sept. 27, 2022); *Universitas Educ. v. Avon Cap., LLC*, No. 21-6133 (10th Cir. argued Sept. 27, 2022); *Universitas Educ., LLC v. SDM Holdings, LLC*, No. 21-6134 (10th Cir. argued Sept. 27, 2022).

## III.    Attorney Sandberg's Involvement

Early in the garnishment proceedings, before the receivership, Attorney Sandberg filed several motions on SDM's behalf. But even after the district court appointed a receiver and post-receivership SDM changed management, Attorney Sandberg continued to file objections on behalf of pre-receivership SDM, ignoring that it had a new manager. For instance, Attorney Sandberg objected to Universitas's

---

[2] We use the terms "pre-receivership SDM" and "post-receivership SDM" only to avoid reader confusion, but these terms do not represent any official SDM designations used by the parties or the district court.

notice that it was refiling its monetary judgment.[3] At a December 2021 hearing over several matters, including this objection, the district court asked Attorney Sandberg about his authority from SDM's new manager to represent post-receivership SDM. That inquiry is at the heart of this appeal. Attorney Sandberg equivocated, stating that the post-receivership SDM's manager hadn't opposed his appearance but hadn't authorized him to represent the post-receivership SDM. Attorney Sandberg agreed with the court and stated that "going forward, then, [he would] confer with the receiver and/or the manager and make sure that [he was] authorized to continue to appear on behalf of SDM." R. vol. II, at 468. The district court struck Attorney Sandberg's objection and concluded the hearing.

That day, the district court entered an order "not[ing] that the receiver has replaced the manager of SDM" with a new manager. *Id.* at 383. The order also stated that SDM's objection to Universitas's filing was stricken because "[t]he objection was filed without authority from the manager of [post-receivership] SDM and hence may not properly be viewed as the position of SDM." *Id.* at 385.

A week after the hearing and order, Attorney Sandberg filed a motion for reconsideration, purportedly on SDM's behalf. In this motion, he contested the district court's requirement that he have the post-receivership-SDM management's permission before continuing to represent post-receivership SDM, stating as follows:

> [SDM] files this Motion for Reconsideration of the Court's *sua sponte* requirement that counsel obtain the authorization of the receiver for

---

[3] Attorney Sandberg originally characterized this objection as a response motion, but the court labeled it an objection, so we match the court's language.

> Avon-WY ["Avon"] or manager of SDM-OK ["SDM"] appointed by the receiver before continuing to represent SDM-OK. The receiver and manager refused counsel's request, depriving SDM-OK of counsel. Notably, SDM-OK is not in the receivership.

*Id.* at 386–87. [4] Attorney Sandberg argued that the district court had deprived SDM of counsel, which violated the LLC's due-process and equal-protection guarantees. Attorney Sandberg requested permission to continue to file documents on behalf of post-receivership SDM, despite having earlier admitted that he had not obtained permission from the post-receivership SDM's manager to continue his representation.

The district court denied reconsideration, reasoning that the recently appointed manager of post-receivership SDM should control its litigation strategy and court filings. But the district court clarified that Attorney Sandberg was free to represent any interest-holders with their permission.

Next, Attorney Sandberg—purporting to act on SDM's behalf—appealed the district court's order. He claimed that the district court's order enjoined SDM's ability to represent itself and control its property and assets. But he has provided no basis for his assertion of appellate jurisdiction under 28 U.S.C. § 1292(a)(1). He has failed to show that he represents a party to the appeal. Thus, we lack jurisdiction.

---

[4] The district court referred to Avon as "Avon-WY" and SDM as "SDM-OK." R. vol. II, at 386–87. In its order, the district court used "SDM-OK" as shorthand for SDM Holdings, LLC. *Id.* The district court referred to Avon as "Avon-WY" to distinguish between the three Avon entities involved in the Western District of Oklahoma veil-piercing analysis: Avon-WY, Avon-NV, and Avon-CT. *Universitas II*, 2020 WL 8768520, at *5–6. For this order, we are concerned only with Avon-WY.

## DISCUSSION

We generally have jurisdiction over final judgments from a district court. 28 U.S.C. § 1291. But we also have jurisdiction to review certain interlocutory orders, including orders granting a permanent injunction. 28 U.S.C. § 1292(a)(1). That section "was intended to carve out only a limited exception to the final-judgment rule," and we construe the exception narrowly. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981). Attorney Sandberg argues that we have jurisdiction over this appeal as an interlocutory order imposing filing restrictions on post-receivership SDM.

But Attorney Sandberg has a fundamental problem apart from the reach of our § 1292(a)(1) appellate jurisdiction. The district court struck SDM's objections because Attorney Sandberg filed them without permission from the post-receivership-SDM manager. Even on appeal, he provides no assurance that he represents the client on whose behalf he has filed the appeal. He cannot appoint himself as a party's counsel.[5] The district court's order requiring Attorney Sandberg to represent a party to the case before filing in the court does not effectively enjoin SDM from future filings. The district court did not impose filing restrictions on post-receivership SDM. Rather, post-receivership SDM did not authorize Attorney Sandberg to act as its lawyer.

---

[5] Attorney Sandberg may represent the pre-receivership SDM management when challenging the receivership. He has done so in the pending appeal on that issue. *Universitas Educ., LLC v. SDM Holdings*, *LLC*, No. 21-6134 (10th Cir. argued Sept. 27, 2022).

8

## CONCLUSION

Attorney Sandberg does not represent any of the parties to this appeal, and his filings do not reflect post-receivership SDM's litigation position. To the extent Attorney Sandberg contests the receivership and SDM's new manager (appointed by the receiver), that appeal is not before us, and we will not comment on its merits. This appeal is dismissed. The pending motion for leave to file a reply brief is denied.

Entered for the Court

Gregory A. Phillips
Circuit Judge